## In re Counties Title & Trust Company

*Joseph K. Fornance,* for Secretary of Banking.

KNIGHT, P. J., January 26, 1934.—The defunct Counties Title & Trust Company was engaged in the title insurance business, and up to the time of closing, had issued policies to the amount of approximately $967,250. The Act of April 26, 1929, P. L. 834, requires each title insurance company, to set aside, as

a reserve fund, 10 percent of all premiums charged for insurance. Paragraph c of section 1, provides that the reserve fund shall be retained by the company and "shall be kept separate and apart from other assets of the company in the manner hereinafter provided." In paragraph d, it is provided that when the accumulated reserve amounts to $1,000 it shall be invested in legal securities, and further: "The securities constituting a reserve fund shall be ear-marked and kept separate and apart from the other assets of the company."

When Counties Title & Trust Company closed, the books showed that the sum of $455.09 was held by the company in its title insurance reserve account, but this money was not deposited in a separate institution, nor were there any funds or securities earmarked for this account.

Counsel for the Secretary of Banking takes the position that the title insurance reserve fund, being represented only by a ledger account, does not constitute a trust fund which can be segregated from the general assets of the closed bank, and therefore is lost.

We cannot agree with him. In the first place, it is to be noted that the act provides that the reserve fund shall be kept separate and apart from the other assets of the company "in the manner hereinafter provided." Reading the subsequent provisions, it will be seen that when the fund amounts to $1,000 it is to be invested, and the security earmarked and set apart. It is fair to infer from this that the legislature did not mean to require the segregation of the reserve fund until it reached $1,000. This interpretation is strengthened by the fact that the act makes it mandatory on the company to invest the fund when it does amount to $1,000.

Paragraph f of the same section of the act provides:

"Reserve Fund to Be a Trust Fund.—It is the intent and purpose of this section that the reserve fund hereby directed to be set aside shall constitute a separate and distinct trust fund for the protection of policy holders, and shall not be subject to distribution among depositors or other creditors, until all policy holders have been paid in full, or the liability on the policies contingent or actual has been completely discharged."

If there was no duty of segregation in the present case, then it follows that the reserve fund must be set aside from the assets of the closed bank before any distribution among depositors. Even if we were to hold that there was a duty of segregation, which the bank in this case violated, still we are of the opinion that the reserve account should have priority in payment.

If this were an ordinary trust fund, the position of the secretary would be correct. Here, we are dealing with a trust created by an act of assembly for a particular class of creditors, namely, the policyholders, who, to the extent of the reserve fund, are to be preferred above the depositors. The fact that the trust company violated the law and failed to keep the reserve account separate and apart should not deprive the policyholders of the protection which the law intended they should have.

It is to be noted that the act does not say that the trust fund shall be such as has been set apart, but that which is "hereby directed to be set aside". If the bank did not do as directed by the act, we must assume that the reserve fund is still among the assets of the closed institution and should be used for the purpose for which it was created. To do otherwise would be to distribute it among the depositors, and this the act says may not be done.

And now, January 26, 1934, it is ordered, adjudged, and decreed that the sum of $455.09 shall be retained by the Secretary of Banking, to be used by him in accordance with paragraphs g and h of section 1 of the Act of April 26, 1929,

P. L. 834. From Aaron S. Swartz, Jr., Norristown, Pa.